
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No.  36147-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FREEDOM T.J. MORGANFLASH, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |

SIDDOWAY, J. — Freedom T.J. Morganflash was convicted by an Asotin County

jury in 2018 of third degree assault and obstructing a police officer.  On appeal, he

challenges his assault conviction.  He contends that the State failed to present sufficient

evidence to support each element of third degree assault, and that the trial court erred by

failing to instruct the jury that it must find that the assaultive act was done with unlawful

force.  He also asks this court to strike the discretionary legal financial obligations

(LFOs) and other fees imposed at sentencing. We hold that the evidence was sufficient to support the verdict and that the instructions properly advised the jury of the essential elements of third degree assault. We also hold, however, that certain LFOs imposed are improper. Thus, we affirm the conviction, but remand for the trial court to strike the discretionary LFOs, the criminal filing fee, and the deoxyribonucleic acid (DNA) fee.

## FACTS

Midmorning on February 5, 2018, Asotin police officer Greg Adelsbach responded to a report that a man who met the description of a person involved in recent vehicle prowls was seen in the area of a sewer plant and a school playground. After driving around awhile, Officer Adelsbach saw Mr. Morganflash, who matched the description of the suspicious male, near the school football field. Officer Adelsbach called for backup. Deputy Jesse Carpenter of the Asotin County Sheriff's Office responded, contacted Mr. Morganflash, and asked him to walk back to the patrol car.

Officer Adelsbach stood between Mr. Morganflash and the patrol car. Thinking that Mr. Morganflash was preparing to run away, Officer Adelsbach lifted his arm in front of Mr. Morganflash and told him he needed to stop. Mr. Morganflash lunged toward Officer Adelsbach, grabbed the officer's collar, and the two men wrestled until Deputy Carpenter helped take Mr. Morganflash to the ground. The officers struggled to get Mr. Morganflash into handcuffs and into the patrol car. He remained confrontational during the booking process.

The State charged Mr. Morganflash with third degree assault, obstructing a law enforcement officer, and custodial assault. The officers testified at his jury trial that a suspect who gets hold of an officer's neck area is particularly dangerous because he can cause an officer to lose balance, fall, and possibly lose control over the officer's weapons. Mr. Morganflash testified that he tripped on a rock, stumbled, and accidentally grabbed Officer Adelsbach's collar to catch himself.

As is customary in Asotin County, the State drafted jury instructions, which defense counsel approved without objection. The "to convict" instruction on third degree assault advised the jury that the State was required to prove beyond a reasonable doubt each of the elements, including that Mr. Morganflash assaulted Officer Adelsbach. Instruction 5 defined assault as follows:

> An assault is an intentional touching or striking of another person, with unlawful force, that is harmful or offensive regardless of whether any physical injury is done to the person. A touching or striking is offensive if the touching or striking would offend an ordinary person who is not unduly sensitive.
>
> An assault is also an act done with intent to inflict bodily injury upon another, tending but failing to accomplish it and accompanied with the apparent present ability to inflict the bodily injury if not prevented. It is not necessary that bodily injury be inflicted.

Clerk's Papers (CP) at 55. The jury found Mr. Morganflash guilty of third degree assault and obstructing a law enforcement officer, and found him not guilty of custodial assault.

3

Without consideration of Mr. Morganflash's ability to pay, the court imposed discretionary and mandatory LFOs totaling $2,590.

## EVIDENCE OF THIRD DEGREE ASSAULT

Mr. Morganflash challenges the sufficiency of the evidence to support each element of third degree assault. Although he concedes on appeal that he intentionally touched Officer Adelsbach, he contends the evidence does not show that the touch constituted "unlawful force" that was "harmful or offensive."

When an appellant challenges the sufficiency of the evidence to support a criminal conviction, we view the evidence in the light most favorable to the prosecution and ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Dreewes*, 192 Wn.2d 812, 821, 432 P.3d 795 (2019). All reasonable inferences from the evidence are drawn in favor of the State. *Id.* at 821-22. Circumstantial evidence is considered as reliable as direct evidence. *State v. Cardenas-Flores*, 189 Wn.2d 243, 266, 401 P.3d 19 (2017).

To convict Mr. Morganflash of third degree assault, the State was required to prove that he assaulted "a law enforcement officer or other employee of a law enforcement agency who was performing his or her official duties at the time of the assault." RCW 9A.36.031(1)(g). The common law definition of assault is found in Washington Pattern Jury Instruction (WPIC) 35.50. *State v. Villanueva-Gonzalez*, 180

4

Wn.2d 975, 982-983, 329 P.3d 78 (2014) (citing 11 WASHINGTON PRACTICE:

WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 35.50, at 547 (3d ed. 2008)).

Here, instruction 5, based on bracketed choices in WPIC 35.50, states in the first

paragraph that an assault is an intentional touching, with "unlawful force," that is harmful

or offensive. CP at 55. The second paragraph provides an additional definition from

WPIC 35.50, and states that an assault is also an act done with intent to inflict bodily

injury upon another, although failing to accomplish bodily injury. *Id.* These alternative

definitions do not create alternative means of committing the crime of assault; rather, the

optional definitions in WPIC 35.50 merely elaborate upon and clarify the term "assault."

*State v. Smith*, 159 Wn.2d 778, 785-86, 154 P.3d 873 (2007). Thus, the State is not

required to present substantial evidence to support each definition of assault presented to

the jury, and the jury does not need to be unanimous regarding the definition used. *Id.* at

787-88.

Focusing on the first definition in instruction 5, Mr. Morganflash contends the

State failed to present sufficient evidence that his intentional touch was with unlawful

force or that it was harmful or offensive. Generally the term "unlawful force" is

necessary to the definition of assault only when the defendant claims self-defense or that

the use of force was somehow lawful. *State v. Calvin*, 176 Wn. App. 1, 20, 316 P.3d 496

(2013). Mr. Morganflash did not argue self-defense, but he did claim that he stumbled

and grabbed Officer Adelsbach's collar by accident. Officer Adelsbach and Deputy

Carpenter, on the other hand, testified that Mr. Morganflash lunged into Officer Adelsbach, grabbed the officer's collar, and refused to let go as the men struggled. The jury had sufficient evidence to conclude that Mr. Morganflash's act of grabbing the officer's collar was with unlawful force.

A touching is offensive if it would offend an ordinary person who is not unduly sensitive. *Cardenas-Flores*, 189 Wn.2d at 268 (citing WPIC 35.50, at 164 (3d ed. Suppl. 2014-15)). Mr. Morganflash appears to claim that grabbing an officer's collar would not be offensive to the ordinary law enforcement officer. But the standard is the ordinary *person's* apprehension of offense, not the ordinary police's officer's apprehension. Officer Adelsbach testified that he feared for his safety when Mr. Morganflash grabbed his neck area and refused to let go. This evidence was sufficient to support a rational juror's conclusion that grabbing the officer's collar would have been harmful or offensive to the ordinary person.[1]

## ASSAULT INSTRUCTION

Mr. Morganflash contends the second definition of assault in instruction 5 failed to advise the jury of an essential element of third degree assault: that the act was done "with unlawful force." We review a jury instruction de novo when the challenge is based on a

---

[1] Mr. Morganflash challenges solely the first definition of assault in instruction 5, but the jury arguably also had sufficient evidence to find assault by way of the second definition used in that instruction. *See Smith*, 159 Wn.2d at 787-88.

misstatement of the law. *State v. Brooks*, 142 Wn. App. 842, 847, 176 P.3d 549 (2008).

A jury instruction must correctly state the law, must not be misleading, and must allow

counsel to argue the theory of the case. *Id.* We will consider a challenge to the jury

instructions raised for the first time on appeal when the challenge implicates a

constitutional right. *Id.* Mr. Morganflash contends he was denied due process of law

because the trial court's instruction relieved the State of its burden to prove every element

of the crime. Because his challenge implicates a constitutional right, it is properly before

us for review.

As discussed above, the language "with unlawful force" is necessary to an assault

definition only if the defendant claims self-defense or another lawful use of force. Here,

Mr. Morganflash claims an accidental or unintentional use of force against Officer

Adelsbach. Only the second definition of assault in instruction 5 fails to include the

phrase "with unlawful force," but this definition describes an act done with the intent to

inflict bodily injury. Necessarily, the use of force to achieve that intent would not be

accidental or unintentional. Under the circumstances of this case and Mr. Morganflash's

defense, the assault definitional instruction did not misstate the law, was not misleading,

and allowed Mr. Morganflash to argue that the accidental nature of his act failed to

support either definition of assault in instruction 5. Thus the failure to use the phrase

"with unlawful force" in the second definition, if error, was harmless. *See State v.*

*Thomas*, 150 Wn.2d 821, 844-45, 83 P.3d 970 (2004) (omission in a jury instruction of an element of the charged offense is harmless if it appears beyond a reasonable doubt that that the error did not contribute to the verdict).

LFOs

In *State v. Blazina*, 182 Wn.2d 827, 839, 344 P.3d 680 (2015), the Washington Supreme Court held that trial courts have a duty under former RCW 10.01.160(3) (2015) to make an individualized inquiry into a defendant's current and future ability to pay before imposing discretionary LFOs. The Washington Legislature in March 2018 enacted Engrossed Second Substitute House Bill 1783 (H.B. 1783), which amended RCW 10.01.160(3) to prohibit the imposition of discretionary costs on indigent defendants, and also amended former RCW 36.18.020(2)(h) (2015) to prohibit the imposition of the $200 criminal filing fee on indigent defendants. *State v. Ramirez*, 191 Wn.2d 732, 739, 426 P.3d 714 (2018). H.B. 1783 was effective as of June 7, 2018, and applies prospectively to any case that was not final when the amendments were enacted. *Ramirez* at 747-49.

Mr. Morganflash was sentenced on June 4, 2018, and his case is not yet final. The trial court imposed discretionary fees of $40 (sheriff service fee) and $750 (court-appointed attorney), as well as the $200 criminal filing fee and the $100 fee for DNA

collection. Additionally, the court imposed a fine of $1,000 as authorized by RCW

9A.20.021(1)(c) (the fine for a class C felony such as third degree assault may not exceed

$10,000). The trial court entered an order of indigency in June 2018, when Mr.

Morganflash filed his notice of appeal. He now seeks removal of the discretionary fees,

the criminal filing fee, the DNA fee, and the fine from his LFOs. The State concedes that

the criminal filing fee and the DNA fee should be stricken, but asks this court to decline

review of the sheriff's fee, the court-appointed attorney fee, and the fine as inadequately

briefed on appeal.

On the basis of the amendments enacted in H.B. 1783 and *Ramirez*, which were

both cited by Mr. Morganflash, and in light of his status as indigent, we hold that the

discretionary LFOs, the criminal filing fee, and the DNA fee were improperly imposed

on Mr. Morganflash. The $1,000 fine authorized by RCW 9A.20.021(1)(c) is not a court

cost subject to RCW 10.01.160(3) and is not subject to review for the first time on

appeal. *State v. Clark*, 191 Wn. App. 369, 376, 362 P.3d 309 (2015).

## CONCLUSION

The record is more than sufficient to support the jury's verdict that Mr.

Morganflash committed third degree assault when he grabbed and held a police officer's

collar. The record also supports the suitability of the assault definitions in instruction 5.

Accordingly, the judgment is affirmed. The sentence is remanded to superior court,

No. 36147-1-III
*State v. Morganflash*

however, to strike the criminal filing fee, the DNA fee, and the discretionary LFOs,

including the sheriff's fee and the court-appointed attorney fee.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

Siddoway, J.

WE CONCUR:

Korsmo, J.

Fearing, J.

10